## A. WINSTON v. HUGH KELLY.

1 To fix the liability of an indorser, whose indorsement was made after maturity of a note, the holder must use diligence in presenting the note to the maker and demanding payment of him, and must give notice to the indorser of the demand and non-payment. A petition on an indorsement after maturity is bad on general demurrer unless it alleges such demand and notice.

No papers pertaining to this case have reached the Reporter, except the opinion of the court.

DENISON, J.—This is a suit brought by Hugh Kelly against Winston, as the maker, and Jones & Cox as the indorsers, of a promissory note payable to the order of John H. Jones on the first day of October, 1861, and dated February 2, 1861.

It appears by a stipulation, endorsed upon the record, that Cox, the only plaintiff in error, indorsed the note after it had become due, to-wit, on the twentieth day of May, 1862.

The assignments of error are, that the court erred in overruling the defendant's demurrer, and special demurrer, to the petition.

C. R. Cox is the only plaintiff in error.

The demurrer is, first, a general demurrer, and, second, a special exception in the following words: "If ever he was liable to plaintiff, it was only as indorser on said note sued on; that said note was due on the first of October, 1861; that the said plaintiff did not bring his suit to bind this indorser at the first term of the court after said note became due, neither did said plaintiff have said note protested for non-payment."

The holder of a note indorsed after due, to fix the liability of the indorser so indorsing the note, must use diligence in presenting the note to the maker and demanding payment, and must give notice thereof to the indorser. (8 Serg. & Rawle R., 350.)

The petition in this case does not allege any demand upon the maker nor any notice to the indorser.

The general demurrer should have been sustained.

For this error the judgment is reversed.

Reversed.